THE STATE OF DELAWARE, upon the relation of William Theile, *vs.* CITIES SERVICE COMPANY, a corporation existing under the Laws of the State of Delaware.

MANDAMUS—WILL NOT ISSUE WHERE STOCKHOLDER DESIRED TO EXAMINE CORPORATE BOOKS FOR IMPROPER PURPOSE.

Although *Rev. Code* 1915, § 1943, declares that the original or duplicate stock ledger containing the names and addresses of stockholders is open to examination by every stockholder, yet, as mandamus is a discretionary remedy, a writ will not be issued where a stockholder desired inspection of the stock ledger for improper purposes not beneficial to corporation, and so a return setting up such fact is sufficient. ·

(*February* 7, 1921)

RICE and HEISEL, J. J., sitting.

*Ayers J. Stockly* for relator.

*W. Watson Harrington* and *James M. Satterfield* for respondent.

Superior Court for New Castle County, January Term, 1921.

RULE, No. 141, May Term, 1920.

Petition and affidavit filed by State ex rel. William Theile for a rule to show cause why a peremptory writ of mandamus should not issue to Cities Service Company. Rule issued, which, upon return of personal service, was without objection made absolute, and the alternative writ issued. On motion the return to the alternative writ was amended. Motion to quash the return refused, and motion for issuance of peremptory writ denied. Exceptions noted, and, upon filing supersedeas bond and assignments of error, writ of error issued out of the Supreme Court.

The question raised by the proceeding is as to the right of the plaintiff to inspect and copy the stock ledger of the defendant, under *Rev. Code* 1915, § 1943 (*section* 29, *c.* 65, of the *General Incorporation Law*).

The petition filed alleges, in substance, that the defendant is a corporation existing under the laws of the state of Delaware.

That the petitioner is the owner of one share of stock, registered in his name on the books of the company.

That during the regular business hours of December 4th and 5th, he went to the office of the company in this state and requested and demanded an opportunity to examine the original or duplicate stock ledger of the company containing the names and addresses of the stockholders and the number of shares held by them respectively, and was denied the opportunity.

The petitioner, being without other adequate remedy in the premises, prays for a rule, etc., why a writ of peremptory mandamus should not issue commanding said corporation to permit petitioner, etc., to inspect and make copies of the original or duplicate stock ledgers of the said company, etc., during the usual hours of business.

Upon the return of the rule and upon motion of plaintiff, the alternative writ of mandamus issued, made returnable Thursday, May 27, 1920. On May 27, 1920, the sheriff of Kent county made return of due service of said alternative writ. On June 12, 1920, the defendant filed its return and answer to the alternative writ.

The return of the defendant alleges, in substance, inter alia:

1. After alleging that the petitioner is the owner of one share of the preferred stock of the defendant corporation, and after setting out the number of shares of each class of stock outstanding, the number of shareholders, and the market price of the petitioner's share at the time he purchased it, it is averred that the plaintiff owned two shares of stock in the year 1916 which he disposed of after he was refused the right to inspect and copy the stock ledger; that he made application to inspect and copy the stock ledger of the defendant company a few days after he acquired the share of stock now owned by him; said stock having been acquired by him on the books of the company on the twentieth day of November, A. D. 1919, and the application to inspect and copy the stock ledger having been made on the fourth day of December, A. D. 1919; that the plaintiff is engaged in the business of procuring and selling for his own individual gain and profit lists of the names and addresses of the stockholders of various corporations; that he was engaged in the same business in 1916; that he is not a broker and is not engaged in the business of buy-

ing and selling stocks of the corporation defendant or of any other corporation; that he wishes to examine and copy the stock ledger of the defendant corporation, not for the purpose of acquiring any information relating to his stock interest or for the protection of the same, but for the sole purpose and with the sole intention of selling, for his individual gain and profit, copies of the lists of names and addresses of the stockholders of the defendant corporation to other persons to be used by said persons in circulariz-· ing the public in the effort to sell stocks of "other corporations" and that he purchased the one share of stock owned by him for the purpose aforesaid, etc.

2.   It is alleged that Theile wishes to examine and copy the stock ledger of the defendant for the sole purpose and with the sole intention of selling for his own individual gain and profit copies of the letters and names and address is of the stockholders of the defendant to the tax collectors of the various states in which the holders and owners of stock in the corporation defendant reside, to be used by the said tax collectors in checking up the correctness of tax returns, filed by said stockholders, or for other purposes detrimental to the interest of the stockholders of th corporation, and, therefore, detrimental to the corporation, ar that he purchased the one share of stock owned by him for the purpose aforesaid, etc.

3.   It is alleged that Theile does not wish to examine th stock ledger, etc., for the purpose of engaging in the business buying and selling stocks of the defendant corporation, for t purpose of buying and selling said stocks for himself individually, or for the purpose of in any way encouraging, promoting or facilitating the sale of the stock of the defendant, whether owned b · him or otherwise, but that he purchased the one share of stock owned by him with the intent of selling copies of the stock lists of the defendant corporation for his own individual benefit, for purposes which will not promote the interest of this corporation or the stockholders thereof, etc.

After the defendant had filed its return, which by leave of court was amended, the petitioner moved to quash the same,

which after argument of counsel was refused, and likewise a motion for the peremptory writ of mandamus was denied.

### ARGUMENT OF COUNSEL FOR PLAINTIFF.

The return to the alternative writ is insufficient in law, and should be quashed, and the peremptory writ issued:

First, because the statutory right is absolute.

Second, because if the court has a discretion to deny the writ in any case, such facts warranting a denial in this case are not alleged in the return.

The statute under which the petitioner claims his right is *section* 1943, *Rev. Code* 1915, *section* 29 of *chapter* 65.

The authorities holding that the writ must issue where an absolute legal right of inspection is given by statute, and which sustain my first contention are: *Bay State Gas Co.* and *John Edward Addicks v. State of Delaware, et al.,* 4 *Pennewill,* 238, 251, 56 *Atl.* 1114. The return denied every allegation of purpose. *People ex rel. Lorge v. Consolidated Nat. Bank,* 105 *App. Div.* 409, 410, 94 *N. Y. Supp.* 173; *Swift v. State,* 7 *Houst.* 338, 6 *Atl.* 856, 32 *Atl.* 43, 40 *Am. St. Rep.* 127; *Thompson on Corp.* § 4516 (2d *Ed.*); *Johnson v. Langdon,* 135 *Cal.* 624, 67 *Pac.* 1050, 87 *Am. St. Rep.* 156; *Cincinnati Volksblatt Co. v. Hoffmeister,* 62 *Ohio St.* 189, 56 *t. J. E.* 1033, 48 *L. R. A.* 732, 78 *Am. St. Rep.* 707; *Kimball v. Dern pl. al.,* 39 *Utah,* 181; 116 *Pac.* 28, 35 *L. R. A.* (*N. S.*) 134, *Ann. Cas.* p. 13E, 166; *Schmidt et al. v. Anderson et al.,* 29 *N. D.* 262, 150 *N. W.* 871, 872, 873. *State ex rel. Beaty v. Guarantee Mfg. Co., et al.,* 103 *Wash.* 151, 74 *Pac.* 459, 461, is an excellent case on this point.

These cases above clearly sustain my first contention.

The second contention is that no facts are alleged in the return in this case, which would warrant the court in denying the writ, whereas here there is a clear legal right given by statute.

It is obvious that all of the foregoing decisions sustain this contention and go much further. *Venner v. Chicago City Ry. Co. et al.,* 246 *Ill.* 170, 92 *N. E.* 643, 645, 138 *Am. St. Rep.* 229, 20 *Ann. Cas.* 607; *State ex rel. Costelo v. Middlesex Banking Co.,* 87 *Conn.* 483, 88 *Atl.* 861, 863.

The court will observe that in this case the precise purpose of making an investment list of stockholders and selling them broadcast over the country is one of the reasons argued for refusing the writ. This court, recognizing all the limitations and discretion surrounding the issuance of the writ of mandamus, under a statutory right, which are laid down in any court either by way of decision or dictum, considers such purpose not within the limitations and grants the writ. *See Cobb v. Lagarde et al.,* 129 *Ala.* 488, 30 *South.* 326; 18 *R. C. L.* § 103, *p* 182; 18 *R. C. L.* § 3, *p.* 89; *Ellsworth v. Dorwart et al.,* 95 *Iowa,* 108, 63 *N. W.* 588,58 *Am. St. Rep.* 427; *Henry v. Babcock & Wilcox Co.,* 196 *N. Y.* 302, 304, 89 *N. E.* 942, 134 *Am. St. Rep.* 835; In *re Steinway Case,* 159 *N. Y.* 250, 53 *N. E.* 103, 45 *L. R. A.* 461; *People ex rel. Callanan v. K., etc., R. R. Co.,* 106 *App. Div.* 349, 350, 351, 94 *N. Y. Supp.* 555; *State ex rel Holmes v. Doe Run Lead Co. et al. (Mo. App.)* 178 *S. W.* 298; *Furst v. W. T. Rawleigh Medical Co. et al.,* 282 *Ill.* 366, 118 *N. E.* 763; *White v. Manter,* 109 *Me.* 408, 84 *Atl.* 890, 42 *L. R. A. (N. S.)* 332; *Powelson et al. v. W. Tennessee Eastern Electric Co. et al.,* 220 *Mass.* 380, 107 *N. E.* 997, *Ann. Cas.* 1917A, 102; *Withington v. Bradley,* 111 *Me.* 384, 89 *Atl.* 201; *Hub Construction Co. v. New England Breeders' Club et al.,* 74 *N. H.* 282, 67 *Atl.* 574; *Pfirman v. Success Mining Co., Limited, et al.,* 30 *Idaho,* 468, 166 *Pac.* 216; *Weihenmayer v. Bitner,* 88 *Md.* 325, 42 *Atl.* 245, 45 *L. R. A.* 446; *Varney v. Baker,* 194 *Mass.* 239, 80 *N. E.* 524, 10 *Ann. Cas.* 989; *Knox v. Coburn,* 117 *Me.* 409, 104 *Atl.* 789; *Foster v. White,* 86 *Ala.* 467, 6 *South.* 88; *Winter v. Baldwin,* 89 *Ala.* 483, 7 *South.* 734; *Stone v. Kellogg,* 165 *Ill.* 192, 46 *N. E.* 222, 56 *Am. St. Rep.* 240.

All of these cases show clearly that the purpose of the petitioner was held immaterial, or if considered, the writ was granted, notwithstanding the fact that the purposes were more objectionable than any purpose alleged in the return in the case at bar.

The case of *O'Hara v. National Biscuit Co.,* 69 *N. J. Law,* 198, 54 *Atl.* 241, holds that the statute is merely declaratory of the common law and that all of the limitations which surround the common-law right are applicable to the statutory right. So far as I

have been able to find, this case is alone and is contrary to all other cases decided in the courts under similar statutes.

The case of *Bay State Gas Co. v. State*, 4 *Pennewill*, 238, 56 *Atl.* 1114, unquestionably lays down a different rule from that laid down by the New Jersey Court.

*Wight v. Heublein*, 111 *Md.* 649, 75 *Atl.* 507, is a case in which the writ was denied. This case is the only Maryland case where the writ is denied, and the facts alleged in the return in that case show a most antagonistic purpose on the part of the petitioner, as well as actual harm to the corporation.

For a similar reason the writ was denied in *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948, and possibly one other Maine case. But there are numerous cases in Maine where the writ has been granted under a set of facts showing a much more objectionable purpose than set up in the return in this case.

There are three cases in New York where the writ has been refused under the statutory right, *Hunter v. National Park Bank*, 122 *App. Div.* 635, 107 *N. Y. Supp.* 369, *People v. Giroux Consolidated Mines Co.*, 122 *App. Div.* 617, 107 *N. Y. Supp.* 188, and *People v. American Press Association*, 148 *App. Div.* 651, 133 *N. Y. Supp.* 216. In New York as in Maine there are many cases including the one case decided by the highest court of New York, hereinbefore cited, where the writ has been granted under the same or more objectionable circumstances.

It may be said that where the right of inspection is demanded under a statutory right, the petitioner is not required to state his purpose in the petition, and therefore, has a greater right than he had at common law, even though his purpose may be stated by the corporation in a return which is binding upon the petitioner. This would show a difference in the form of pleading, but no greater right of the petitioner. It is inconceivable to me that the Legislature would have gone to the trouble to have passed a law carefully as they did, covering only the stock ledger, an unimportant book, requiring that the inspection be made during business hours and designating the place for the inspection, solely for the purpose of changing the pleading in mandamus proceedings.

It is not necessary in this case, it seems to me, to consider whether the inspection of the stock ledger of a corporation is for an unlawful purpose, because it is inconceivable to me that such a purpose could be unlawful.

I have cited authorities which hold that the purpose is absolutely immaterial, where there is such a statute as here. The impropriety of the purpose urged in this case is confused with a limitation of the common-law right to the effect that any purpose is improper which is not intended to assist the corporation or one of its stockholders with respect to his interest in the corporation. The purpose is not, in this case, improper, it is not fraudulent, it is not illegal, it is not criminal, it is no part of an illegal or criminal scheme, it is not sinister or for the sake of idle curiosity. The purpose in this case, I submit, cannot be considered such as is shocking to a court for any reason, and no one can fairly say that if the Legislature gave the stockholder the right to this inspection under certain conditions, and the petitioner has complied with these conditions, that the court, in granting the natural and proper remedy of mandamus, has done more than its duty regardless of whether anybody may think that the statute was wisely or unwisely passed.

That part of the return as follows:

"That the motive and purpose of the said William Theile in applying to examine and copy the stock ledger of this corporation is, therefore, illegitimate, sinsiter, unreasonable, without a laudable purpose, or object to accomplish, and so highly improper as to constitute a clear abuse of the right intended to be covered by the statute rather than a clear exercise thereof; and if his application is granted, it will be detrimental to the interest of this corporation, and to the interest of the individual stockholders thereof"

—is not supported by facts properly alleged in the return. I assume that the court will not consider any conclusion which may not properly be drawn from the facts set forth. In considering this very question our court in the case of *McCoy et al. v. State et al.*, 2 *Marv.* 543, 563, 36 *Atl.* 81, 83, states as follows:

"The return to the alternative writ must set forth either a positive denial of the truth of the allegation therein contained, or state other facts sufficient in law to defeat the relator's right. And in general the return should contain positive allegations of facts, and not state mere inferences from facts. An

argumentative return, like any other argumentative pleading, is bad. And a return, as well as the alternative writ, is faulty which states mere conclusions of law, without stating the facts so that the court may judge of their sufficiency."

This proposition of law can hardly be questioned, and I feel it unnecessary to cite any further authority.

The further proposition, that the right to inspect the stock ledger of a corporation given by statute carried with it as incident thereto the right to make a copy thereof, appears in most all of the authorities hereinbefore cited, and I assume needs no further consideration.

We respectfully submit that the return to the alternative writ of mandamus should be quashed and the peremptory writ of mandamus should be issued.

ARGUMENT OF COUNSEL FOR DEFENDANT.

The return shows that the plaintiff invokes the aid of the statute for a purpose that certainly was not contemplated by its framers. The allegations of fact in the return could scarcely be more definite and specific.

Statutes authorizing the inspection of corporate books, similar to the statute of our state are merely declaratory of the common law. *Guthrie v. Harkness*, 199 *U. S.* 148, 26 *Sup. Ct.* 4, 50 *L. Ed.* 130, 4 *Ann. Cas.* 433; *O'Hara v. National Biscuit Co.*, 69 *N. J. Law*, 198, 54 *Atl.* 241.

It is significant that our statute is almost identical with the New Jersey statute, considered in the latter case.     See *Powelson v. Tenn. East. Electric Co.*, 220 *Mass.* 380, 107 *N. E.* 997, *Ann. Cas.* 1917A, 102, citing *Richardson v. Swift*, 7 *Houst.* 137, 30 *Atl.* 781.

The question before the court has been settled by *State v. J. & M. Paper Co.*, 1 *Boyce*, 379, 393, 77 *Atl.* 16, 30 *L. R. A. (N. S.)*290, approving *Guthrie v. Harkness, supra.*

The lower court in *Harkness v. Guthrie*, 27 *Utah*, 248, 75 *Pac.* 624, 107 *Am. St. Rep.* 664, 1 *Ann. Cas.* 129, referring to the statute, said, it "does not restrict the common-law right, but is in harmony therewith."

But even in those states which hold that such statutes are broader in effect than a mere affirmance of the common law, the common-law limitations have been recognized in construing them. *Foster v. White*, 86 *Ala.* 467, 6 *South.* 88; *Winter v. Baldwin*, 89 *Ala.* 483, 7 *South.* 734; *Weihenmayer v. Bitner*, 88 *Md.* 325, 42 *Atl.* 245, 45 *L. R. A.* 446; *Wight v. Heublein*, 111 *Md.* 649, 75 *Atl.* 507.

The right of inspection rests upon the proposition that those in charge of the corporation are merely the agents of the stockholders, and the right of the stockholders to inspect the books of the company for proper and legitimate purposes is recognized by the well considered cases. *Powelson et al. v. Tennessee Eastern Electric Co.*, 220 Mass. 380, 107 *N. E.* 997, *Ann. Cas.* 1917A, 102.

But "it is settled that the common-law right of a stockholder to inspect the books of a corporation is a qualified and not an absolute right." *Barney v. Baker*, 194 *Mass.* 239, 80 *N. E.* 524, 10 *Ann. Cas.* 989; *Meysenburg v. People*, 88 *Ill. App.* 328; *Rodger Ballast Car Co. v. Perrin*, 88 *Ill. App.* 324; *O'Hara v. National Biscuit Co.*, 69 *N. J. Law*, 198, 54 *Atl.* 241; *State v. German Mutual Life Ins. Co.*, 169 *Mo. App.* 354, 152 *S. W.* 618; *State v. Doe Run Lead Co. (Mo. App.)* 178 *S. W.* 298; *State v. New Orleans Gaslight Co.*, 49 *La. Ann.* 1556, 22 *South.* 815; *Wyoming Coal Mining Co. v. State*, 15 *Wyo.* 97, 87 *Pac.* 337, 984, 123 *Am. St. Rep.* 1014; *Com. v. Empire Pass. Ry. Co.*, 134 *Pa.* 237, 19 *Atl.* 629; *Bean v. People*, 7 *Colo.* 200, 2 *Pac.* 909; *Buck and Spencer v. Collins*, 51 *Ga.* 391, 21 *Am. Rep.* 236. *See, also, Webber v. Townley*, 43 *Mich.* 534, 5 *N. W.* 971, 38 *Am. Rep.* 213; also cases cited under "F" of this brief.

Where the facts presented a clear case of the right to inspect corporate records, even though the application was based on an express statutory provision, the courts in some states have expressly declined to say whether such right can be refused where the stockholder's motive is improper. *State v. Bergenthal*, 72 *Wis.* 314, 318, 39 *N. W.* 566.

The writ of mandamus is not a writ of right, but a discretionary writ, based on the facts of each particular case, and the court,

undoubtedly, has discretion as to its issuance.   The statute has in no way affected the common-law principles governing the issuance of the writ.   *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948; *State v. Doe Run Lead Co.* (*Mo. App.*) 178 S. W. 298; *People v. American Press Association*, 148 *App. Div.* 651, 133 *N. Y. Supp.* 216.

The following prior New York cases are instructive:  *People v. Giroux Consol.  Mines Co.*, 122 *App. Div.* 617, 107 *N. Y. Supp.* 188; *People ex rel. Hunter v. National Park Bank*, 122 *App. Div.* 635, 107 *N. Y. Supp.* 369.

It appears that the New York statute is as strong in its terms as the Delaware statute.   See, also, *Wight v. Heublein*, 111 *Md.* 649, 659, 75 *Atl.* 507.

The cases cited above show that the purpose for which the inspection is sought must be included within the intendment of the statute, and that the bare legal right will not be enforced in disregard of its real spirit.

The common-law prerogative and discretionary character of a writ of mandamus still exists to a great extent in this state. *McCoy v. State*, 2 *Marv.* 544, 562, 36 *Atl.* 81.

It appears from the return that the application in this case is not made for the protection of the petitioner's interest in the defendant corporation, but is wholly foreign thereto.   *People v. American Press Association*, 148 *App. Div.* 651, 654, 133 *N. Y. Supp.* 216; *Powelson v. Tenn. Eastern Electric Co.*, 220 *Mass.* 380, 107 *N. E.* 997, *Ann. Cas.* 1917A, 102;  *Foster v. White*, 86 *Ala.* 467, 471, 6 *South.* 88;  *O'Hara v. National Biscuit Co.*, 69 *N. J. Law*, 198, 54 *Atl.* 241.

In the following cases the court, in the exercise of its discretion, refused to grant the writ of mandamus, notwithstanding the clear statutory provision involved.   *People v. Giroux Consol. Mines Co.*, 122 *App. Div.* 617, 107 *N. Y. Supp.* 188;  *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948;  *Commonwealth v. Passenger Ry. Co.*, 134 *Pa.* 237, 19 *Atl.* 629.

In analyzing the cases in the brief of the plaintiff, we wish to call attention to two facts:

1.   That many of them are cited in the brief for the defendant.

2.   That the states of California and Ohio are the only states which do not recognize any defenses in enforcing, by the writ of mandamus, rights given by statutes similar to ours.

*Bay State Gas Co., etc., v. State of Delaware,* 4 *Pennewill,* 238, 56 *Atl.* 1114, merely involves the question as to the sufficiency of the petition and in no sense involves any question similar to the one at issue here.   See case in lower court, 4 *Pennewill,* 215, and the return (230, 231), 57 *Atl.* 291.

It appears in the lower court that there were certain allegations in the petition, as to mismanagement of the corporate property and of the decline in the value of the stock resulting therefrom.

These allegations were denied in the return, but no question whatever, as to the motive or purpose of the petitioner or of the propriety or impropriety of the issuance of the writ by the court, was raised.

The Bay State Gas Cases are merely in line with the cases cited from Alabama, Maryland, Maine, Illinois and elsewhere, to the effect that where the right to inspect corporate books is covered by statute that under ordinary circumstances the reason or purpose of such inspection need not be alleged in the petition.   All of these cases, however, hold that proper defenses may be set up in the return.   *People ex rel.   Lorge v. Consolidated Nat.   Bank,* 105 *App. Div.* 409, 94 *N. Y. Supp.* 173; *Henry v. Babcock & Wilson,* 196 *N. Y.* 302, 89 *N. E.* 942, 134 *Am. St. Rep.* 835; *In re Steinway,* 159 *N. Y.* 250, 53 *N. E.* 1103, 45 *L. R. A.* 461; *People v. American Press Association,* 148 *App. Div.* 651, 133 *N. Y. Supp.* 216; *People ex rel. Callanan v. K., etc., R. R. Co.,* 106 *App. Div.* 349, 94 *N. Y. Supp.* 555, criticized in   Althaus *v. Giroux Consol. Min. Co.,* 56 *Misc. Rep.* 508, 107 *N. Y. Supp.* 191, 193.

The whole proposition as to the law of the state of New York is clearly covered by *People   v. American Press Asso.,* 148 *App. Div.* 651, 133 *N. Y. Supp.* 216.

*Swift v. State,* 7 *Houst.* 338, 6 *Atl.* 856, 32 *Atl.* 143, 40 *Am. St. Rep.* 127, did not in any way involve the construction of a statute.

The facts clearly show that the particular books involved were not covered by the statute of the state of Connecticut. This appears on pages 345, 346 and 349 of the opinion of 7 *Houst. on pages* 860, 861, 863 of 6 *Atl.* (40 *Am. St. Rep.* 127).

*Thompson on Corporations,* § 4516 (2d *Ed.*), *Johnson v. Langdon,* 135 *Cal.* 624, 67 *Pac.* 1050, 87 *Am. St. Rep.* 156, and *Cincinnati Volksblatt Co. v. Hoffmeister,* 62 *Ohio St.* 189, 56 *N. E.* 1033, 48 *L. R. A.* 732, 78 *Am. St. Rep.* 707, do not represent the weight of authority.

We have already clearly shown that the present rule in the state of New York does not support this proposition. The *section* from Thompson, and the California and Ohio cases stand entirely alone in refusing to permit proper defenses to be raised by the defendant.

*State ex rel. Beaty v. Guarantee Mfg. Co.,* 103 *Wash.* 151, 174 *Pac.* 459, *Schmidt et al. v. Anderson,* 29 *N. D.* 262, 150 *N. W.* 871, and *Ellsworth v. Dorwart,* 95 *Iowa,* 108, 63 *N. W.* 588, 58 *Am. St. Rep.* 427, notwithstanding the clear and mandatory terms of the statutes, all recognize certain implied defenses.

While the defenses alleged in these cases may be more limited than those allowed by the majority of the cases, it is, nevertheless, a fact that the right of inspection is not given as a matter of course. *Kimball v. Dern,* 39 *Utah,* 181, 116 *Pac.* 28, 35 *L. R. A.* (*N. S.*) 137, *Ann. Cas.* 1913E, 166.

It is, also, a matter of comment that other cases in that state do not seem to be consistent with it. *Clawson v. Clayton,* 33 *Utah,* 266, 93 *Pac.* 729.

*Venner v. Chicago City Ry. Co.,* 246 *Ill.* 170, 92 *N. E.* 643, 138 *Am. St. Rep.* 229, 20 *Ann. Cas.* 607, merely raises a question of pleading and we cannot see that it in any way affects the prior Illinois rule, as shown by cases cited by us in this brief. The return is not set out but the case apparently merely raises the question as to the sufficiency of the pleading, holding the original petition to be defective.

See *Furst v. W. T. R. Med. Co.,* 282 *Ill.* 366, 118 *N. E.* 763, which expressly approves the case of *Stone v. Kellogg,* 165 *Ill.* 192,

46 *N. E.* 222, 56 *Am. St. Rep.* 240, which adopted the Alabama and Maryland rule that the right of examination was subject to the implied limitation read into the statute that it should not be exercised out of mere idle curiosity or for some unlawful or improper purpose, etc.

*State ex rel. Costelo v. Middlesex Banking Co.*, 87 *Conn.* 483, 88 *Atl.* 861, clearly recognizes the discretionary character of the writ.

The return in our case is much broader and much more specific in its allegations then the allegations in the Connecticut case. *Cobb v. Lagarde*, 129 *Ala.* 488, 30 *South.* 326. Other cases cited have been relied on in support of our contention.

None of the Maine cases relied on by the plaintiff in any way limit the rule laid down in *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948.

18 *R. C. L.* § 51, *p* 29, does not stand for the proposition for which it is cited. See 16 *Eng. Rul. Cas.* 788.

The fact that some of the cases cited by the plaintiff restrict the defenses that will be permitted to unlawful purposes is, however, an inconsistent holding.

That an unlawful or illegal purpose is a common-law defenses to the issuance of a writ of mandamus cannot be doubted. 18 *R. C. L.* § 58.

If some courts adopt such defenses to the issuance of a writ of mandamus, under what principle can they reject other defense recognized at common law? Yet cases herein referred to and cited by the plaintiff have taken that restricted position.

The peremptory writ should be refused. *Woolley*, § 1662; Mc Coy v. State, 2 *Marv.* 543, 560, 36 *Atl.* 81; *State v. J. & M. Paper Co.*, 1 *Boyce*, 396, 397, 77 *Atl.* 16, 30 *L. R. A.* (*N. S.*) 290.

In all of the cases, even though the petitioner may make out a prima facie case, "the motive," "purpose," or the "question of the good or bad faith" of the applicant are considered either as implied defenses read into the statute or as defenses that will be applied in considering the question as to whether the writ should issue, because of its discretionary nature. If the application is sought for mere "idle curiosity," or for any "improper or unlaw-

ful purpose"; if it is sought for "mere speculative purposes," "for reasons which are insufficient to justify it"; if the purpose of the applicant is not "proper and legitimate," if it is actuated by mere "curiosity," or if it is "so highly improper as to constitute a clear abuse of the right rather than a clear exercise thereof;" if the purpose is "sinister," is "unlawful," and "without a laudable object to accomplish," or if the ends sought are "mischievous," the writ should be refused.

We have endeavored to show that both in the cases cited for the plaintiff, with the exception of the cases from Ohio and California, and in the cases cited by us, these propositions are sustained:

1. That the statute in question is merely declaratory of the common law.

2 That even if these statutes be held to be more than merely declaratory of the common law, certain implied defenses are read into them that may be set up in a return to defeat the petitioner's prima facie absolute right.

3. That as the statute provided no remedy for the right given to the stockhoder, it can only be enforced by a writ of mandamus, which writ still maintains all of its common-law discretionary character, and will only be issued in a proper case.

4. That at common law the right to inspect the books of a corporation was merely a qualified right, depending upon the facts shown by the petitioner.

The conclusion which we contend for does not, in effect, repeal our statute, nor does it in any way affect the stockholder's prima facie right, but this case falls within the well settled exception to the usual rule.

RICE, J., delivering the opinion of the court:

The argument in this case is upon a motion to quash the return to the alternative writ in a mandamus proceeding brought to compel a corporation, existing under the laws of the state of Delaware, to permit the petitioning stockholder to examine the stock ledger of the corporation.

The petition filed by the stockholder sets forth that the defendant is a corporation existing under the laws of the state of

Delaware; that the petitioner is the owner of one share of stock, registered in his name on the books of the company; that during regular business hours on December fourth and fifth he went to the office of the company in this state and requested and demanded an opportunity to examine the original or duplicate stock ledger of the company, containing the names and addresses of the stockholders and the number of shares held by them, respectively, and was denied the opportunity to inspect such ledger.

The rule to show cause why the alternative writ should not issue was made absolute and the alternative writ issued. To the alternative writ the defendant filed a return and amendment thereof which in substance alleges: That the corporation has outstanding 422,447 shares of common stock, each of the par value of $100, and 765,871 shares of preferred stock, each of the par value of $100; that the petitioner became the owner of said share on the twentieth day of November, 1919; that there are approximately 26,000 shareholders in the company; that the plaintiff is engaged in the business of procuring and selling for his own individual gain and profit, lists of the names and addresses of stockholders of various corporations; that he is not a broker and is not engaged in the business of buying or selling stocks of this or any other corporation; that he desires the names and address of the stockholders, not for the purpose of acquiring any information as to any matter or thing relating or pertaining to his interest as a stockholder but for the sole purpose and with the sole intention of selling, for his own profit, copies of the names and addresses of the stockholder of the corporation, to other persons, to be used by them in circularizing the public in an effort to sell stocks of other corporations, and if his application is granted, it will be deterimental to the interests of this corporation, and the interests of the individual stockholders thereof, also that he desires to obtain the list and addresses of the stockholders in his corporation to sell to tax collectors in other states.

The plaintiff claims that he is entitled to examine the stock ledger under the provisions of *section* 1943, *Rev. Code* 1915, being *section* 29 of the General Corporation Law, and to allow the an-

31 Del.]        STATE vs. CITIES SERVICE Co.        361

Opinion.

swer to prevail would be a denial of the rights conferred upon a stockholder in a corporation by the Legislature.

The defendant contends that notwithstanding the provisions of *section* 29, the remedy to enforce the right still remains in the discretion of the court, if by way of defense the fact is established that the purpose of the petitioner is illegal, sinister, unreasonable or improper; and the defendant claims that it has set up facts which establish the plaintiff's purpose to be of such character.

*Section* 29 of the General Corporation Law in part provides:

"The original or duplicate stock ledger containing the names and addresses of the stockholders, and the number of shares held by them, respectively, shall, at all times, during the usual hours for business, be open to the examination of every stockholder at its principal office or place of business in this state."

With respect to the right of a stockholder to enforce, by mandamus proceedings, a statutory right to examine the books of a corporation, there is a lack of uniformity in the jurisdictions throughout the United States. In some jurisdictions it is held that the right is absolute and unqualified, and the issuance of the writ to enforce the right is not within the discretion of the court but is mandatory. *Johnson v. Langdon*, 135 *Cal.* 624, 67 *Pac.* 1050, 87 *Am. St. Rep.* 156; *Cincinnati Volksblatt Co. v. Hoffmeister*, 62 *Ohio St.* 189, 56 *N. E.* 1033, 48 *L. R. A.* 732, 78 *Am. St. Rep.* 707.

In the greater number of jurisdictions, however, it is held that while the statutory right is absolute in terms and it is not necessary for the stockholder in his petition in a mandamus proceeding to state reasons for the desired examination, yet the corporation may, by way of defense, establish an illegal or improper motive on the part of the petitioning stockholder such as will, in the discretion of the court, defeat his right to examine the books of the corporation. *Foster v. White*, 86 *Ala.* 467, 6 *South.* 88; *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948; *Knox v. Coburn*, 117 *Me.* 409, 104 *Atl.* 789; *Wight v. Heublein*, 111 *Md.* 649, 75 *Atl.* 507; *O'Hara v. National Biscuit Co.*, 69 *N. J. Law*, 198, 54 *Atl.* 241; *Clawson v. Clayton*, 33 *Utah*, 266, 93 *Pac.* 729; *Stone v. Kellogg*, 165 *Ill.* 192, 46 *N. E.* 222, 56 *Am. St. Rep.* 240.

The legislature of this state gave a stockholder in a corporation the right to examine the original or duplicate stock ledger of the corporation, and we believe that this statutory right is greater than the common-law right theretofore recognized in this state. After the enactment of the present law, our Supreme Court held that it is not necessary for a stockholder desiring to examine the stock ledger of the corporation to state in his petition reasons or motive in seeking the examination. *Bay State Gas Co. v. State*, 4 *Pennewill*, 238, 56 *Atl*. 1114. The question whether this statutory right of a stockholder may be defeated if the corporation establishes by way of defense, an illegal or improper motive on the part of the petitioning stockholder, is now raised here for the first time.

The writ of mandamus in its origin was a discretionary writ and is so recognized in this state, and in a number of cases the court here has exercised its discretion in favor of a stockholder and permitted him to inspect and examine books of a corporation. We believe it not to be arguable that, notwithstanding the statutory right, the court could and would properly exercise a discretion adversely to a stockholder's claim for an inspection, if his purpose should be established by way of defense. In passing the present law the Legislature was silent with respect to the remedy to enforce the right granted, and we believe if the Legislature had intended to remove the discretionary power of the court theretofore existing, and to make the issuance of a writ of mandamus in such cases mandatory upon the court it would have so expressed itself. We are of the opinion that if by way of defense an unlawful or improper motive on the part of the petitioner for the desired inspection of the original or duplicate stock ledger is established, the court may, in the exercise of a sound and reasonable discretion, refuse to issue a peremptory writ to compel such inspection.

In the present case the return sets forth allegations which, if accepted as facts, establish a purpose on the part of the petitioner altogether foreign to any interest he may have in the corporation or its affairs as a stockholder, or to the interest of any other stockholder, as such, in the corporation. Neither is there any

connection between the alleged purpose and the business of the corporation or its management.

We are of the opinion that the purpose of the petitioner as alleged in the return to the alternative writ is of such an improper character, that this court would not exercise its discretion in a manner favorable to the consummation of that purpose. Therefore, for the reasons stated, the motion to quash the return to the alternative writ is denied.